UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRISTAR PRODUCTS, INC., <br> Plaintiff, <br><br> v. <br><br> NOVEL BRANDS, LLC, <br> Defendant. | C. A. No. 17-043-M-LDA |

OPINION AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff, Tristar Products, Inc. ("Tristar"), a Pennsylvania Corporation, with its principal place of business in New Jersey, filed this action in Rhode Island alleging patent infringement against Defendant, Novel Brands, LLC ("Novel Brands"), a New Jersey LLC, with its principal place of business in New Jersey. Before this Court is Novel Brands' Motion to Dismiss for lack of personal jurisdiction and improper venue, or alternatively, for transfer to the United States District Court for the District of New Jersey. This Court finds that this case should proceed in the District of New Jersey. As a result, the Motion to Dismiss is DENIED; the alternative motion to transfer is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of New Jersey.

I. Background

Tristar is the assignee of U.S. Patent No. D772,641 ("the Patent") protecting the ornamental design for a pan. The Patent lists two inventors, Keith Mirchandani, of New Jersey, and Mo-Tsan Tsai, of Shenzhen, China. Two corporate entities are

also listed, Tristar, located in New Jersey, and Ke M.O House Co., Ltd., located in Shenzhen, China. Tristar's attorney, as reflected on the Patent, is located in Providence, Rhode Island.

On December 30, 2016, Tristar's Rhode Island attorney accessed a website that advertised and offered for sale the "Copper Pro Square Pan by Novel Brands," and purchased it from that website. According to the shipping label on the package, the pan was shipped from Las Vegas, Nevada to Providence, Rhode Island. Subsequently, Tristar filed a complaint against Novel Brands for patent infringement in the United States District Court for the District of Rhode Island.

## II. Discussion

Novel Brands moves to dismiss this matter for lack of personal jurisdiction, improper venue, or alternatively, transfer of venue to the District of New Jersey. Tristar, while maintaining the position that personal jurisdiction exists and venue is proper in Rhode Island, otherwise urges this Court to allow jurisdictional discovery to determine if personal jurisdiction exists over Novel Brands.

This Court finds, however, that it need not decide the issues of whether personal jurisdiction exists and/or whether venue is proper.[1] That is because this Court retains the authority to transfer this action to a more convenient forum

---

[1] In addition, this Court is presented with the difficult issue of determining the proper residence of Novel Brands, an unincorporated entity, in a patent infringement action for venue purposes. But, for the reasons stated herein, if venue were proper, this Court would transfer the case to the District of New Jersey pursuant to § 1404(a), and if venue were improper, this Court would do the same thing pursuant to § 1406(a). Since the result would be the same under either analysis, there is no need to determine whether venue is proper in this District.

2

pursuant to 28 U.S.C. § 1631,[2] § 1404(a), or § 1406(a).[3] *See Slattery v. Walt Disney World Co.*, No. Civ. 03-267-M, 2003 WL 22888860, at *2 (D.N.H. Dec. 8, 2003). Because the Court finds that transfer is appropriate without deciding the issues of personal jurisdiction and venue, it will begin and end its analysis with that issue.

## A. Transfer of Venue

Section 1404(a), states that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Main St. NA Parkade, LLC v. Sleepy's, LLC*, No. CA-13-593-S, 2014 WL 652313, at *1 (D.R.I. Feb. 19, 2014) (quoting *Brian Jackson & Co. v. Eximias Pharm. Corp.*, 248 F. Supp. 2d 31, 38 (D.R.I. 2003)). To make that determination, the Court must look to both private and public interest factors to determine if transfer is appropriate. *Boothroyd Dewhurst, Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, Civ. A. No. 92-0075-P, 1993 WL 385713, at *7 (D.R.I. July 8, 1993). Such factors include: (1) ease of access to sources of proof; (2) availability of compulsory process to compel attendance of witnesses; (3)

---

[2] "Whenever a civil action is filed . . . with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . ." 28 U.S.C. § 1631.

[3] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

cost of attendance of willing witnesses; (4) ease of a view of premises, if necessary; (5) enforceability of the judgment, if obtained; (6) advantages and obstacles to a fair trial; (7) status of the court's trial calendar; and (8) familiarity of forum with applicable state law. *Id.*

The moving party bears the burden of proving that a transfer is warranted. *Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 841 F. Supp. 2d 514, 522 (D. Mass. 2012). Novel Brands moves for transfer to the United States District Court for the District of New Jersey, arguing that New Jersey is appropriate because it is more convenient for all parties. Specifically, it argues that the majority of the witnesses located in the United States reside in New Jersey, and the majority of the evidence is located in New Jersey. Tristar counters that this action should proceed in Rhode Island because this is where acts of infringement have occurred, Rhode Island is not far for potential witnesses, and it is Tristar's choice of forum.

As an initial matter, the Court notes that because both parties are located in New Jersey, the lawsuit could have been brought in New Jersey. The Court finds that both the private and public interest factors weigh in favor of transfer to the District of New Jersey. First, since most of the documents relevant to this matter are in electronic form, they are easily producible in any state. Next, since both parties are headquartered in New Jersey, representatives from both parties who are called as witnesses are likely located in New Jersey, or in any event, closer to New Jersey than Rhode Island. Furthermore, while one of the product's inventors lives abroad, and therefore a neutral factor, the other inventor, Keith Mirchandani, lives in New

4

Jersey. And since Tristar has not identified any potential witnesses located in Rhode Island, New Jersey is not only a more convenient forum for the parties, but also more convenient for potential third-party witnesses as well.

Tristar's next argument that the cost of litigation favors Rhode Island because its attorneys are located here and a transfer would require it to retain counsel in New Jersey is unavailing. Tristar has filed three similar proceedings in New Jersey that have advanced beyond the pleading stage. *Tristar Prods., Inc. v. Ocean State Jobbers, Inc.*, No. 2:17-cv-01767-KSH-CLW (D.N.J. filed Mar. 16, 2017); *Tristar Prods., Inc. v. E. Mishan & Sons Inc.*, No. 1:17-cv-01204-RMB-JS (D.N.J. filed Feb. 21, 2017); *Tristar Prods., Inc. v. Telebrands Corp.*, No. 1:17-cv-01206-RMB-JS (D.N.J. filed Feb. 21, 2017). As a result, Tristar clearly retains local counsel who represents them in similar matters in New Jersey, proving that transfer of the case to New Jersey is not inconvenient.

A § 1404(a) transfer requires that litigation be conducted in the district that will best serve the "interests of justice." While the Court must consider Tristar's choice of forum as a factor, it is not entitled to substantial weight in this matter because Tristar is a nonresident, with no obvious connections to Rhode Island so its choice of forum is given little deference by this Court. *See Nash v. CVS Caremark Corp.*, C.A. No. 09-079S, 2009 WL 2393937, at *2 (D.R.I. July, 1, 2009) (while "[i]t is true that ordinarily a strong presumption favors Plaintiff's choice of forum[,]" the 'strong presumption is greatly weakened where plaintiff's chosen forum is not also his home'"). It is in the interests of justice that this case be litigated in New Jersey,

where both parties are headquartered and where the acts leading to this action likely occurred. Neither Tristar nor Novel Brands produce their product in Rhode Island or distribute their product from Rhode Island. This matter arose in Rhode Island only because Tristar's attorney ordered the alleged infringing product from Novel Brands' website to be delivered to its offices in Providence, Rhode Island. Taken as a whole, the convenience of the parties and the interests of justice favor transfer to the District of New Jersey.

### III. Conclusion

Accordingly, Novel Brands' Motion to Dismiss (ECF No. 12) is DENIED but its Motion to Transfer is GRANTED. It is hereby ORDERED that this case be TRANSFERRED to the United States District Court for the District of New Jersey.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 31, 2017